IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESHAWN MALONE,

    Plaintiff,                      No. CIV S-03-0363 FCD KJM P

    vs.

CORRECTIONAL OFFICER MARTINEZ,

    Defendant.                 ORDER

                              /

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Several matters are before the court.

1. <u>March 13, 2006 Motion To Compel</u>

        Plaintiff asks that defendant Martinez be compelled to provide further answers to plaintiff's request for production of documents numbers 1, 3, 4, 5, 6 and 7. Based on this court's review of plaintiff's motion and defendant Martinez's opposition, defendant will not be ordered to provide further answers to requests 1 or 7, as plaintiff has not demonstrated the information sought has any relevance to this action. <u>See</u> Fed. R. Civ. P. 26(b)(1).

        With respect to request 3, defendant Martinez will not be ordered to turn over anything covered by the attorney-client privilege, subject to her provision to plaintiff of a privilege log identifying documents withheld for this reason. <u>See</u> Fed. R. Civ. P. 26(b)(1);

1

Upjohn Co. v. U.S., 449 U.S. 383, 389 (1981).  However, defendant Martinez will be required to produce copies of any statements made by Martinez concerning the matters at issue in this action to investigators or attorneys that were not representing Martinez at the time the statements were made.

As to request 4, defendant Martinez will be ordered to provide any documents indicating she has been convicted of any crime involving dishonesty or the making of a false statement, with the exception that Martinez need not turn over any documents concerning information that would be clearly inadmissible under Federal Rules of Evidence 609(b), (c), or (d).  See Fed. R. Evid. 609(a).

Request 5 is vague.  To the extent plaintiff seeks information regarding criminal matters, the information sought is covered by request 4.  It does not appear from plaintiff's motion that he seeks information regarding civil matters.  No further response to request 5 will be ordered.

In request 6, plaintiff asks for documents obtained through governmental investigations into alleged misconduct of defendant Martinez.  Martinez will be ordered to provide plaintiff with any documents regarding investigations initiated against Martinez for failing to provide inmates with access to their legal materials.  In all other respects, Martinez need not respond further to request 6.

2. August 7, 2006 "Pretrial Motion"

In his August 7, 2006 motion, plaintiff asks that the court issue an order directing officials at plaintiff's prison to grant plaintiff access to the prison law library.  Plaintiff has not shown a specific reason why he needs more access to the law library.  His request will be denied.

Plaintiff also asks that the court order that plaintiff be granted access to his "Central File."  Defendant has asserted that plaintiff may view his central file by following institutional procedures.  See Def't's Opp'n to Pl.'s Mot. For Subpoena Duces Tecum at 3:18-

4:12. Accordingly, the court will deny plaintiff's request for an order at this time.[1] However, plaintiff will be allowed to renew his request for a court order if he does not obtain access to his full "Central File" within sixty days. If plaintiff does renew his motion, plaintiff will not be granted relief unless he shows he complied with Department of Corrections and Rehabilitation (CDCR) procedures in his efforts to obtain his file.

3. September 27, 2006 Request For Subpoenas

Plaintiff requests the issuance of subpoenas for certain documents. To the extent plaintiff requests that a subpoena be issued to defendant Martinez, the court views plaintiff's request as an attempt to circumvent the March 13, 2006 discovery cutoff date established in the court's October 13, 2005 scheduling order. The court will not order that a subpoena be issued for service upon defendant Martinez.

Plaintiff also asks that the court issue a subpoena to the warden of his institution, or the director of CDCR, for plaintiff's central file. In light of the conclusion reached in section 2 above, plaintiff's request will be denied.

4. October 10, 2006 Motion For Leave To Amend

Plaintiff asks for leave to file an amended complaint. Plaintiff's motion was not, however, accompanied by a proposed amended complaint. As a litigant proceeding in forma pauperis, plaintiff's pleadings are subject to evaluation by this court prior to service. See 28 U.S.C. § 1915. Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it. Plaintiff's motion for leave to amend must therefore be denied. Defendant Martinez has asked that the court stay briefing on plaintiff's motion for leave to amend until the court rules on Martinez's pending motion for summary judgment. In light of the above, defendant Martinez's request will be denied.

/////

---

[1] The court notes that plaintiff concedes having viewed part of his file, although he has yet to view the entire file. See Docket No. 57.

3

5. Defendant's Motion For Summary Judgement

The court notes that plaintiff has recently filed an opposition to defendant Martinez's motion for summary judgment. In light of the discovery being granted herein, plaintiff will be granted leave to file an amended opposition within sixty days. If plaintiff does not file an amended opposition within sixty days, defendant Martinez shall file her reply to the opposition which is already on file within seventy-five days.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 13, 2006 "Motion Requesting Discovery Compliance" is granted in part and denied in part as follows:

    A. Within fifteen days, defendant Martinez shall provide plaintiff with the following:

        i. Copies of any statements made by Martinez concerning the matters at issue in this action to investigators or attorneys that were not representing Martinez at the time the statements were made.

        ii. Documents indicating Martinez has been convicted of any crime involving dishonesty or the making of a false statement, with the exception that Martinez need not turn over any documents concerning information that would be inadmissible under Federal Rules of Evidence 609(b), (c), or (d).

        iii. Documents concerning investigations initiated against Martinez for failing to provide inmates with access to their legal materials.

    B. Plaintiff's motion is denied in all other respects.

2. Plaintiff's August 7, 2006 "pretrial motion" is denied.

3. Plaintiff's September 27, 2006 request for subpoenas is denied.

4. Plaintiff's October 10, 2006 motion for leave to file an amended complaint is denied.

5. Defendant Martinez's October 31, 2006 request that the court stay briefing on plaintiff's motion for leave to file an amended complaint is denied.

6. Plaintiff is granted sixty days within which to file an amended opposition to defendant Martinez's pending motion for summary judgment.  If plaintiff does not file an amended opposition within sixty days, defendant Martinez shall file her reply to the opposition which is already on file within seventy-five days.

DATED: November 16, 2006.

U.S. MAGISTRATE JUDGE

1
malo0363.abs