IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESHAWN MALONE,

      Plaintiff,                     No. CIV S-03-0363 FCD KJM P

    vs.

CORRECTIONAL OFFICER
MARTINEZ, et al.,                ORDER AND

      Defendants.            FINDINGS AND RECOMMENDATIONS

                                   /

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Two matters are before the court.

I. <u>Defendant Martinez's Motion For Summary Judgment</u>

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
>
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On June 4, 2005, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

Plaintiff alleges as follows in his October 20, 2004 amended complaint, which is signed under the penalty of perjury. In 2002, he requested that defendant Martinez retrieve a complaint from storage for plaintiff, which Martinez failed to do. Plaintiff asserts that as a result of Martinez's not providing plaintiff with a copy of his complaint, the limitations period applicable to a particular state law claim may have expired.

In this court's May 16, 2005 order, the court found that plaintiff's complaint states a cognizable claim against defendant Martinez for denial of his First Amendment right to access courts.

Defendant Martinez asserts she should be granted summary judgment because plaintiff cannot show she denied plaintiff access to the courts. At worst, argues Martinez, plaintiff can show that Martinez denied plaintiff access to a partially completed complaint. Martinez claims because plaintiff could have redrafted the portions of the complaint that was misplaced, finished the complaint, and then filed it, plaintiff was not denied access. Plaintiff does not assert that Martinez prevented him from redrafting those portions of his complaint that he did not receive back from Martinez. His only response to Martinez's characterization of the partially completed complaint as misplaced is to speculate that Martinez intentionally withheld the document.

Plaintiff has a right to access the courts, see, e.g., Bounds v. Smith, 430 U.S. 817, 821 (1977), which, on the evidence before this court, was not abridged. While the loss or intentional taking of plaintiff's complaint might provide some basis for relief under California law, plaintiff has not shown that the loss of the partially completed complaint kept him from accessing any court in any respect.[1] Plaintiff has not shown that he could not re-draft the complaint or even that doing so would have been inconvenient. Defendant Martinez's motion for summary judgment should be granted.

II. Plaintiff's Motion For Leave To Amend

On February 15, 2007 plaintiff filed a motion seeking leave to file a second amended complaint. The court has reviewed plaintiff's motion and it appears that the only

---

[1] As noted above, plaintiff alleges that a limitations period for a state law claim may have expired prior to plaintiff's being able to assert that claim because defendant Martinez did not retrieve plaintiff's complaint. Plaintiff does not indicate the limitations period did expire, only that it might have. Furthermore, plaintiff fails to assert how long after he asked Martinez to retrieve his complaint the limitations period expired. Therefore, plaintiff has not alleged facts demonstrating that he could not get his complaint on file before any limitations period expired.

4

1 material change plaintiff wishes to make to his complaint is that he would like to seek damages.
2 Under Federal Rule of Civil Procedure 15(a) the court can grant leave to amend "when justice so
3 requires." Given that the court is recommending that defendant Martinez's motion for summary
4 judgment be granted, and that nothing presented by plaintiff in his motion for leave to amend or
5 his proposed second amended complaint would change the court's finding, the court will deny
6 plaintiff's motion for leave to amend without prejudice to renewal if this recommendation is not
7 adopted. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (court need not
8 grant leave to amend if amendment would be futile).

9 In accordance with the above, IT IS HEREBY ORDERED that plaintiff's
10 February 15, 2007 motion for leave to amend is denied.

11 IT IS HEREBY RECOMMENDED that:

12 1. Defendant Martinez's October 30, 2006 motion for summary judgment be
13 granted; and

14 2. This action be dismissed.

15 These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
17 days after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties. Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
20 shall be served and filed within ten days after service of the objections. The parties are advised
21 that failure to file objections within the specified time may waive the right to appeal the District
22 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 DATED: June 18, 2007.

_____
U.S. MAGISTRATE JUDGE

26 1/malo0363.57